UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE NII HOLDINGS, INC.
SECURITIES LITIGATION

Civ. No. 1:14-cv-00227-LMB-JFA

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of April 18, 2016, Danica Pension, Livsforsikringsaktieselskab,

Industriens Pensionsforsikring A/S, Pension Trust Fund for Operating Engineers Pension Plan,

IBEW Local No. 58 / SMC NECA Funds, and Jacksonville Police & Fire Pension Fund

(collectively, "Class Representatives"), on behalf of themselves and all members of the certified

Class, and Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady (collectively,

"Defendants" or the "Individual Defendants") entered into the Stipulation and Agreement of

Settlement (the "Stipulation") in the Action;

WHEREAS, in an Order entered November 17, 2015, the Court certified a class

consisting of all persons and entities that, during the period from February 25, 2010 through

February 27, 2014, inclusive, purchased or otherwise acquired the publicly traded securities of

NII Holdings, Inc. and/or NII Capital Corp. and who were damaged thereby.  The eligible

securities are NII Holdings, Inc. common stock ("NII Stock") (ISIN: US62913F2011), as well as

the following debt securities ("NII Bonds"): (i) 7.625% NII Bonds, due April 1, 2021 (ISIN:

US67021BAE92); (ii) 8.875% NII Bonds, due December 15, 2019 (ISIN: US67021BAC37); and

(iii) 10% NII Bonds, due August 15, 2016 (ISIN: US67021BAD10).  Excluded from the Class

are: Defendants Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady; NII Holdings,

Inc.; NII Capital Corp.; members of the Immediate Family of any Defendant who is an

individual; any person who was an officer or director of NII and/or NII Capital during the Class

Period; any firm, trust, corporation, or other entity in which any Defendant has or had a

controlling interest; NII's employee retirement and benefit plan(s); Defendants' directors' and

officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and the legal

representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded

party[1];

WHEREAS, the Court has reviewed and considered: (i) the motion for preliminary

approval of the Settlement, and the papers filed and arguments made in connection therewith;

and (ii) the Stipulation and the accompanying exhibits;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein

have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,

2016 that:

1.      The Court has reviewed the Stipulation and preliminarily finds the Settlement to

be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing

described below.

---

[1]   The Court hereby adopts the Class exclusions set forth in the Stipulation at ¶ 1(e), which
include NII Holdings, Inc. and NII Capital Corp.  Also excluded from the Class will be any
Person who timely and validly seeks exclusion from the Class in accordance with the provisions
of this Order and whose request for exclusion is accepted by the Court.

2.      A hearing (the "Settlement Hearing") in accordance with Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2016, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement on the terms and provisions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Claims, as provided in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)      to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for reimbursement to Class Representatives of their reasonable costs and expenses (including lost wages) directly related to their representations of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e)      to rule upon any other matters that the Court may deem appropriate.

3.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also

3

adjourn the Settlement Hearing or modify any of the dates in this Order without further notice to members of the Class.

4.     The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including those who are identified through the Company's transfer records.  Defendants, to the extent they have not already done so, shall use their best efforts to obtain and provide to Class Counsel or the Claims Administrator the Company's transfer records in electronic searchable form containing the names and addresses of purchasers of Eligible NII Securities during the Class Period on or before five (5) business days after entry of this Preliminary Approval Order.

6.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Eligible NII Securities during the Class Period as record owners but not as beneficial owners.  These nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all beneficial owners for which they purchased or otherwise acquired Eligible NII Securities during the Class Period and WITHIN SEVEN (7) CALENDAR DAYS of receipt of

those Notices from the Claims Administrator forward them to all those beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to the identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full compliance with these directions, the nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

7.      Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8.      The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.      The form and content of the notice program described in this Order, and the methods provided in this Order of notifying the Class of the certification of the Action as a class action and the proposed Settlement of the Action and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice.

10.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     The claimant must submit a properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, to the Claims Administrator, at the address indicated in the Notice, postmarked or received on or before 120 calendar days after the Notice Date.  This deadline may be further extended by Court order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) as long as the Proof of Claim is actually received before the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this Order.

(b)     The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed by the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the

6

transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documentation that is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her, or its own choice.  If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

12.     Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as provided below.  A putative Class Member wishing to request exclusion from the Class shall mail the request in written form by first-class mail to the address designated in the Notice for exclusion requests, such that it is received on or before twenty-one (21) calendar days before the Settlement Hearing.  The request for exclusion must state the name, address, and telephone number of the Person seeking exclusion and, in the case of entities, the name and address of the appropriate contact person; must state that the sender requests to be "excluded from the Class in *In re NII Holdings, Inc. Securities Litigation,* No. 14-00227 (E.D. Va.)"; and must be signed by such Person.  Persons requesting exclusion must also state the

7

information requested in the Notice, including, but not limited to (i) the purchases, acquisitions, and sales of NII Stock and NII Bonds on February 25, 2010 through and including the close of trading on May 28, 2014, including the dates, amounts (in terms of the number of shares of NII Stock and face amount of NII Bonds), and prices of each purchase, acquisition, and sale; and (ii) the number of shares and bonds held as of the opening of trading on February 25, 2010, at the close of trading on February 27, 2014, and at the close of trading on May 28, 2014. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13.     Putative Class Members requesting exclusion from the Class shall not be eligible to receive any payment from the Net Settlement Fund.

14.     Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses. The Court will consider a Class Member's objection only if the Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: Joel Bernstein, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; Gregory Castaldo, Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087; and Defendants' Counsel: Michael Warden, Sidley Austin LLP, 1501 K Street, N.W., Washington, DC  20005 and has filed the objection and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314 on or before twenty-one (21) calendar days before the Settlement Hearing. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice

shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15.     Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against the Released Defendant Parties.

16.     As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class, reviewing claims, and administering the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

17.     All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on

or before thirty-five (35) calendar days before the date set in this Order for the Settlement

Hearing.  If reply papers are necessary, they must be filed with the Court and served on or before

seven (7) calendar days before the Settlement Hearing.

18.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in

accordance with the terms and obligations of the Stipulation is approved.

19.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of

the Court, and shall remain subject to the jurisdiction of the Court until the funds are disbursed

pursuant to the Stipulation and/or further order of the Court.

20.     Neither Defendants nor their counsel have any responsibility for the Plan of

Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or

Class Representatives, and these matters shall be considered separately from the fairness,

reasonableness and adequacy of the Settlement.

21.     This Order and the Stipulation, whether or not consummated, and whether or not

approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the

Stipulation, the Settlement, and any matter arising in connection with settlement discussions or

negotiations, proceedings, or agreements, shall not be offered or received against or to the

prejudice of the Parties or their respective counsel, for any purpose other than in an action to

enforce this Order and the Stipulation, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the

prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any

presumption, concession, or admission by Defendants with respect to the truth of any allegation

by Class Representatives and the Class, or the validity of any claim that has been or could have

been asserted in the Action or in any litigation, including but not limited to the Released

10

Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any

Person;

(b)     do not constitute, and shall not be offered or received against or to the

prejudice of Defendants as evidence of a presumption, concession, or admission of any fault,

misrepresentation, or omission with respect to any statement or written document approved or

made by Defendants, or against or to the prejudice of Class Representatives, or any other

member of the Class as evidence of any infirmity in the claims of Class Representatives or the

other members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the

prejudice of Defendants, Class Representatives, any other member of the Class, or their

respective counsel, as evidence of a presumption, concession, or admission with respect to any

liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any

other reason against or to the prejudice of any of the Defendants, Class Representatives, other

members of the Class, or their respective counsel, in any other civil, criminal, or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the

provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, Class

Representatives, or any other member of the Class, as an admission or concession that the

consideration to be given hereunder represents the amount that could be or would have been

recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as

an admission, concession, or presumption against Class Representatives or any other member of

the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

22.     If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then the Stipulation, including any amendment(s) to it, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to January 15, 2016.

23.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2016      _____
                                        Honorable Leonie M. Brinkema
                                        UNITED STATES DISTRICT JUDGE

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE NII HOLDINGS, INC. SECURITIES LITIGATION | Civ. No. 1:14-cv-00227-LMB-JFA |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired the publicly traded securities of NII Holdings, Inc. ("NII") and/or NII Capital Corp. ("NII Capital") during the period from February 25, 2010 through February 27, 2014, inclusive (the "Class Period") and were damaged thereby, you may be entitled to a payment from a class action settlement.  The eligible securities are NII Holdings, Inc. common stock ("NII Stock") (ISIN: US62913F2011), as well as the following debt securities ("NII Bonds"): (i) 7.625% NII Bonds, due April 1, 2021 (ISIN: US67021BAE92); (ii) 8.875% NII Bonds, due December 15, 2019 (ISIN: US67021BAC37); and (iii) 10% NII Bonds, due August 15, 2016 (ISIN: US67021BAD10).**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of: (a) the pendency of the above-captioned securities class action (the "Action"); (b) the proposed settlement of the Action (the "Settlement") on the terms and provisions in the Stipulation and Agreement of Settlement, dated as of _____ ___, 2016 (the "Stipulation");[1] and (c) the hearing to be held by the Court (the "Settlement Hearing").  At the Settlement Hearing, the Court will consider:  (a) whether the Settlement should be approved; (b) whether the proposed plan for allocating the proceeds of the Settlement to eligible members of the Class (the "Plan of Allocation") should be approved; (c) Class Counsel's application for attorneys' fees and expenses; and (d) certain other matters.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Class.[2]

- If approved by the Court, the Settlement will create a $41.5 million cash fund for the benefit of eligible investors, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs and Class Representatives Danica Pension, Livsforsikringsaktieselskab ("Danica"), Industriens Pensionsforsikring A/S ("Industriens"), Pension Trust Fund for Operating Engineers Pension Plan ("Operating Engineers Pension Trust Fund"), IBEW Local No. 58 / SMC NECA Funds ("IBEW Local No. 58 / SMC NECA Funds"), and Jacksonville Police & Fire Pension Fund ("Jacksonville P&F") (collectively, "Class Representatives" or "Lead Plaintiffs") that have been asserted on behalf of the Class against Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady (the "Defendants" or "Individual Defendants"); avoids the costs and risks of continuing the litigation; pays money to Class Members; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The <u>only</u> way to be eligible to receive a payment from the |

---

[1]   The Stipulation and all of its exhibits can be viewed at www.niisecuritieslitigation.com.

[2]   All capitalized terms not otherwise defined in this Notice have the same meanings as defined in the Stipulation.

| BY _____, 2016 | Settlement Fund. |
| --- | --- |
| **EXCLUDE YOURSELF BY _____, 2016** | You will not be eligible to receive any payment from the Settlement Fund.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Section ___ for details. |
| **OBJECT BY _____, 2016** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the Fee and Expense Application.  If you object, you will still be a member of the Class.  *See* Section ____ for details. |
| **FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2016 AND GO TO A HEARING ON _____, 2016** | Ask to speak in Court about the Settlement.  If you submit an objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to Court about your objection. |
| **DO NOTHING** | You will not be eligible to receive a payment from the Settlement Fund, you will give up rights, and you will still be bound by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

### SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

Class Representatives have entered into the proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety.  Under the Settlement, a Settlement Fund consisting of $41.5 million in cash, which will include any accrued interest, has been established.  The Net Settlement Fund (as defined below) will be distributed to Class Members according to a Court-approved plan of allocation.  The proposed Plan of Allocation is set forth on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share of NII Stock and Amount of NII Bonds**

Based on Class Representatives' expert's estimate of the number of shares of NII Stock and the amount of NII Bonds entitled to participate in the Settlement, and assuming that all investors entitled to participate in the Settlement do so, Class Representatives estimate that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.08 per allegedly damaged share of NII Stock and approximately $1.85 per allegedly damaged NII Bond.[3] If the Court approves the attorneys' fees and litigation expenses requested by Class Counsel (discussed below), the average recovery would be approximately $0.06 per allegedly damaged share of NII Stock and $1.31 per allegedly damaged NII Bond. **Class Members should note, however, that the foregoing average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.** A Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing the Class Member's "Recognized Claim" to the total Recognized Claims of all Class Members who timely submit valid Claim Forms, as described more fully below. An individual Class Member's actual recovery will depend on, for example: (a) the total number of claims submitted; (b) the amount of the Net Settlement Fund; (c) when the Class Member purchased or acquired NII Stock and/or NII Bonds during the Class Period; and (d) whether and when the Class Member sold the NII Stock and/or NII Bonds. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case**

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representatives were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (a) whether the

---

[3]  An allegedly damaged share or bond might have been traded more than once during the Class Period, and the average recoveries indicated above represent the estimated average for each purchase/acquisition that allegedly incurred damages. The recoveries, prices, and inflation per NII Bond described in this Notice are per $1,000 par.

Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (b) whether any such allegedly materially false or misleading statements or omissions were made with the requisite level of intent or recklessness; (c) whether the Company's securities' prices declined because of disclosures that allegedly revealed to the market the truth about the allegedly false statements and omissions; (d) the amounts by which the prices of NII Stock and NII Bonds were allegedly artificially inflated, if at all, during the Class Period; and (e) the extent to which external factors, such as general market, economic and industry conditions, or unusual levels of volatility, influenced the trading prices of NII Stock and NII Bonds at various times during the Class Period.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions.  While Class Representatives believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

### Statement of Attorneys' Fees and Expenses Sought

Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Class Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $1.75 million, plus any interest earned on this amount at the same rate as earned by the Settlement Fund.  In addition, Class Counsel's Fee and Expense Application may include a request for reimbursement to Class Representatives of their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in a combined amount not to exceed $50,000.  If the Court approves the Fee and Expense Application in full, the average amount of fees and expenses, assuming all claims

are filed for all allegedly damaged securities, will be approximately $0.02 per allegedly damaged share of NII Stock and $0.54 per allegedly damaged NII Bond.

**Further Information**

Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, (866) 905-8128, www.niisecuritieslitigation.com; or Class Counsel: Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com and Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, www.ktmc.com, info@ktmc.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**Reasons for the Settlement**

For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty inherent in the Parties' competing theories of liability, loss causation, and damages; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

[END OF PSLRA COVER PAGE]

**BASIC INFORMATION**

**1. Why did I get this Notice?**

The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise

acquired NII Stock and/or NII Bonds during the period from February 25, 2010 through February 27, 2014, inclusive.  **Please Note:   Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.   If you are a Class Member and wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice and supporting documents, as explained in the Claim Form.** *See* **Question 10 below.**

This Notice is to inform you of the existence of this Action, that it has been certified as a class action by the Court, and of how you might be affected.  It is also being sent to inform you of the terms of the proposed Settlement and of the Settlement Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation and Class Counsel's Fee and Expense Application.  The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, including whether or not to object or exclude themselves from the Class, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the Action is the United States District Court for the Eastern District of Virginia, and the case is known as *In re NII Holdings, Inc. Securities Litigation,* Civ. No. 1:14-cv-00227-LMB-JFA.  The Action is assigned to the Honorable Leonie M. Brinkema, United States District Judge.

The people who have sued are called plaintiffs, and the company and persons they have sued are called defendants.  Class Representatives Danica, Industriens, Operating Engineers Pension Trust Fund, IBEW Local No. 58 / SMC NECA Funds, and Jacksonville P&F represent the Class.  Defendants are Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady.

This Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

---

**2.  What is this lawsuit about?**

---

In 2009, NII, a telecommunications company that, through its subsidiaries, operates wireless voice and data networks in Latin America under the Nextel™ brand, embarked on a major transformation to build new third generation ("3G") networks to support NII's telecommunications services and provide faster data transmissions to its markets in Latin America.

In March 2014, a putative securities fraud class action was filed against NII, NII Capital, and the Defendants in the United States District Court for the Eastern District of Virginia related to allegedly false and misleading statements and omissions concerning NII's transition to 3G in Latin America and away from its existing infrastructure, which used an older technology called "iDEN".

In June 2014, the Court entered an Order appointing Danica, Industriens, Operating Engineers Pension Trust Fund, IBEW Local No. 58 / SMC NECA Funds, and Jacksonville P&F as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and consolidating all new related securities class actions into this Action, *In re NII Holdings, Inc. Securities Litigation*, Civ. No. 14-cv-00227-LMB-JFA.  By the same Order, the Court approved Class Representatives' selection of Labaton Sucharow LLP and Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the Class and Susan R. Podolsky, Esq. as Local Counsel for the Class.

In June 2014, Class Representatives filed the Amended Class Action Complaint for Violations of Federal Securities Laws and then filed the operative Second Amended Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated under that Act.  The Complaint alleges that NII and Defendants violated the federal securities laws by making materially false or misleading statements concerning: (i) customer

quality; (ii) the impact of the shutdown of Sprint's U.S. iDEN network on NII; and (iii) NII's progress in the development and testing of NII's 3G PTT ("push-to-talk") services, and the resulting impact on the Company's financial condition and operational health.  The Complaint alleges that these statements caused the prices of NII Stock and NII Bonds to be artificially inflated during the Class Period and that the prices of NII Stock and NII Bonds declined when the truth was disclosed.

In August 2014, NII and Defendants moved to dismiss the Complaint, which Lead Plaintiffs opposed on September 10, 2014.  On September 23, 2014, Defendants filed reply papers in further support of their motion to dismiss.  On October 6, 2014, after oral argument on the motion, the Court issued an Order denying Defendants' motion to dismiss.

In September 2014, NII, NII Capital, and several related corporate entities filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); NII filed a Notice of Suggestion of Bankruptcy in this Court; and the Court stayed all proceedings against NII.

In November 2014, the Court entered an Order temporarily extending the automatic bankruptcy stay to the proceedings against the Individual Defendants.

In June 2015, the Bankruptcy Court entered an order confirming NII's amended proposed joint reorganization plan in which Lead Plaintiffs' claims against NII for violations of the federal securities laws were extinguished.  In July 2015, the Court dismissed NII as a defendant in the litigation and lifted the temporary stay entered in November 2014 with respect to Defendants.

In July 2015, Defendants answered the Complaint and asserted affirmative defenses to Lead Plaintiffs' allegations in the Complaint.  In their answer, Defendants denied all of Plaintiffs' allegations of wrongdoing, including, among other things, that they or NII made any false or misleading statements concerning: (i) customer quality; (ii) the impact of the shutdown of Sprint's

U.S. iDEN network on NII; and (iii) NII's progress in the development and testing of NII's 3G PTT services.  They also deny that any such statements caused the prices of NII Stock and NII Bonds to be artificially inflated or that any Class Member incurred damages relating to any of Defendants' statements or conduct.

In September 2015, Lead Plaintiffs filed their motion for class certification, which Defendants opposed in October 2015.  In November 2015, the Court issued an Order and a Memorandum Opinion granting Lead Plaintiffs' motion, certifying the Class, appointing Lead Plaintiffs as Class Representatives, and appointing Lead Counsel as Class Counsel and Local Counsel as Liaison Counsel.

On December 1, 2015, Defendants filed a petition in the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") seeking leave to immediately appeal the Court's Order on class certification, which Class Representatives opposed.  On December 21, 2015, the Fourth Circuit denied Defendants' petition.

Class Representatives, through Class Counsel, have conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) approximately 1.2 million pages of documents produced by Defendants and the Company (among other third parties); and (vi) the applicable law governing the claims asserted and potential defenses thereto.  The Parties completed extensive fact and class discovery, which included taking 13 depositions of current and former NII employees (including all three Defendants), two depositions of market efficiency experts,

five depositions of representatives of Lead Plaintiffs, and consulting with experts in the fields of loss causation, market efficiency, damages, and the industry in which the Company operated.  Class Representatives also served two expert reports and expert discovery was scheduled to close on February 19, 2016.

In October 2015, Defendants and Class Representatives engaged an experienced and well-respected mediator and participated in a formal mediation session on October 27.  Discussions continued thereafter, both with and without the mediator, but a settlement could not be reached.  In January 2016, the Parties engaged Jed D. Melnick, Esq., another well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action.  On January 15, 2016, the Parties met with Mr. Melnick in an attempt to reach a settlement.  The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements.  Following arm's-length negotiations mediated by Mr. Melnick, the Parties reached an agreement-in-principle to settle the Action for $41.5 million based on a mediator's proposal by Mr. Melnick.  A memorandum of understanding setting forth all material points of the Parties' agreement was executed on February 17, 2016.  Thereafter, the Parties spent additional weeks negotiating and documenting the specific terms and conditions of the Settlement, which are embodied in the Stipulation entered into by the Parties on _____, 2016.  The Stipulation can be viewed at www.niisecuritieslitigation.com.

On _____, 2016, the Court entered the Preliminary Approval Order, authorizing that this Notice be sent to potential Class Members and scheduling the Settlement Hearing to consider whether to grant final approval to the Settlement, among other things.

**3.  Why is this a class action?**

In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a

"class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the

adjudication of many similar claims that might be too small to bring economically as individual

actions.  One court resolves the issues for all class members at the same time, except for those who

exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Danica,

Industriens, Operating Engineers Pension Trust Fund, IBEW Local No. 58 / SMC NECA Funds, and

Jacksonville P&F to serve as Class Representatives and has appointed Labaton Sucharow LLP and

Kessler Topaz Meltzer & Check, LLP to serve as Class Counsel.

### 4.  What are the reasons for the Settlement?

The Court did not finally decide in favor of Class Representatives or Defendants.  Instead,

both sides agreed to a settlement.

Class Representatives and Class Counsel believe that the claims asserted in the Action have

merit.  Class Representatives and Class Counsel recognize, however, the expense and length of

continued proceedings necessary to pursue their claims in the Action through trial and appeals, as

well as the difficulties in establishing liability.  Class Representatives and Class Counsel have

considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like

this one, as well as the difficulties and delays inherent in such litigation.  For example, Defendants

have raised a number of arguments and defenses (which they would raise at summary judgment and

trial) that they did not make false and misleading statements in violation of the federal securities

laws, that Class Representatives would not be able to establish that Defendants acted with the

requisite intent, and that Class Representatives' and other Class Members' losses on their NII

investments were not caused by any false and misleading statements or omissions by Defendants.

Even assuming Class Representatives could establish liability, Defendants maintained that the

alleged corrective disclosures did not reveal any alleged fraud.  In the absence of a settlement, the

Parties would present factual and expert testimony on each of these issues, and there is a risk that the

Court or jury would resolve these issues unfavorably against Class Representatives and the Class.  In light of the Settlement and the guaranteed cash recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any member of the Class has suffered damages; that the prices of NII Stock or NII Bonds were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that members of the Class were harmed by the conduct alleged in the Complaint.  Defendants have denied and continue to deny each and every one of the claims alleged by Class Representatives on behalf of the Class and maintain that they have meritorious defenses to all claims alleged in the Complaint.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted, time-consuming and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that the Settlement is in the best interests of Defendants.

## WHO IS IN THE SETTLEMENT

To be eligible for a payment from the proceeds of the Settlement, you must be a Class Member.

### 5.  How do I know if I am part of the Class?

For purposes of this Action, the Court certified a class of investors pursuant to an Order dated November 17, 2015.  Everyone who fits the description of the Class below is a Class Member and subject to the Settlement, unless they are excluded by definition (*see* Question 6 below) or take steps to exclude themselves (*see* Question 13 below):

All persons and entities that, during the period from February 25, 2010 through February 27, 2014, inclusive, purchased or otherwise acquired the publicly traded securities of NII Holdings and/or NII Capital and who were damaged thereby. The eligible securities are NII Stock (ISIN: US62913F2011), as well as the following NII Bonds: (i) 7.625% NII Bonds, due April 1, 2021 (ISIN: US67021BAE92); (ii) 8.875% NII Bonds, due December 15, 2019 (ISIN: US67021BAC37); and (iii) 10% NII Bonds, due August 15, 2016 (ISIN: US67021BAD10).

If one of your mutual funds purchased NII Stock or NII Bonds during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you individually purchased or acquired NII Stock or NII Bonds during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases, acquisitions, or sales.

| **6.  Are there exceptions to being included?** |
|---|

Yes. There are some people and entities who are excluded from the Class by definition. Excluded from the Class are:  Defendants Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady; NII Holdings, Inc.; NII Capital Corp.; members of the Immediate Family of any Defendant who is an individual; any person who was an officer or director of NII and/or NII Capital during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; NII's employee retirement and benefit plan(s); Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class is anyone who timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 13 below and whose request for exclusion is accepted by the Court.

| **7.  What if I am still not sure if I am included?** |
|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can call the Claims Administrator toll-free at (866) 905-8128, send an e-mail to the Claims Administrator at info@niisecuritieslitigation.com, or write to the Claims Administrator at *In re NII*

- 13 -

*Holdings, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box. 170500, Milwaukee, WI 53217.

Or you can fill out and return the Claim Form described in Question 10, to see if you qualify.  You

may also want to contact your broker to see if you purchased and/or acquired the NII Stock and/or

NII Bonds eligible to participate in the Settlement.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| **8.  What does the Settlement provide?** |
| --- |

In exchange for the Settlement and the release of the Released Claims against the Released

Defendant Parties, Defendants have agreed to fund a $41.5 million cash fund that, along with any

interest earned on this amount, will be distributed after deduction of Court-awarded attorneys' fees

and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved

by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms

and are found by the Court to be eligible to receive a distribution from the Net Settlement Fund

("Authorized Claimants").

| **9.  How much will my payment be?** |
| --- |

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement

Fund will depend on several things, including, among other things, how many Class Members timely

send in valid Claim Forms; the amount of NII Stock and NII Bonds you purchased or otherwise

acquired during the Class Period; the prices and dates of those purchases or acquisitions; and the

prices and dates of any sales you made of NII Stock and NII Bonds.

You can calculate your Recognized Claim in accordance with the formulas shown below in

the Plan of Allocation.  It is unlikely that you will receive a payment for all of your Recognized

Claim.  *See* the Plan of Allocation of Net Settlement Fund on pages___ for more information on

your Recognized Claim.

## HOW TO RECEIVE A PAYMENT:
## SUBMITTING A PROOF OF CLAIM FORM

| **10.  How can I receive a payment?** |
|---|

To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  If you did not receive a Claim Form, you can obtain one from the website dedicated to the Settlement: www.niisecuritieslitigation.com, or from Class Counsel's websites: www.labaton.com and www.ktmc.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 905-8128.

Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received on or before _____, 2016.**

| **11.  When will I receive my payment?** |
|---|

The Court will hold a Settlement Hearing on _____, **2016** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

| **12.  What am I giving up to receive a payment or stay in the Class?** |
|---|

If you are a Class Member and do not timely and validly exclude yourself from the Class, you will remain in the Class and that means that, upon the "Effective Date," you will release all "Released Claims" against the "Released Defendant Parties."

**"Released Claims"** means any and all claims, liabilities, demands, causes of action, or lawsuits of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common, administrative, or foreign law, whether legal, statutory, equitable, or of any other type or form, and whether brought in a

representative or individual capacity, that (i) were asserted in the Action; or (ii) could have been asserted by Class Representatives or any other Class Member in the Action or in any other action or forum that are based upon, arise out of, relate to, or involve, directly or indirectly both (a) the purchase of NII Stock and/or NII Bonds during the Class Period and (b) any of the actions, failures to act, transactions, occurrences, statements, omissions, allegations, facts, practices, events or claims alleged or asserted in the Action.  For the avoidance of doubt, Released Claims do not include claims relating to the enforcement of the Settlement.

**"Released Defendant Parties"** means Defendants, Defendants' Counsel,  NII Holdings, Inc., NII Capital Corp., and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, trustees, partners, partnerships, agents, employees, attorneys, accountants, auditors, and insurers; the members of the Immediate Families, representatives, and heirs of the Defendants, as well as any trust of which any Defendant is the settlor or which is for the benefit of any of any Defendant's Immediate Family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

"**Unknown Claims**" means any and all Released Claims that Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims against the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his favor at the time of the release of such claims against the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each other Class

Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Class Representatives, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever settle and release, and each other Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Class Representatives and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

- 17 -

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to be eligible to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants will have the right to assert any and all defenses they may have to any claims you seek to assert.  Also, Defendants may terminate the Settlement if Class Members who purchased or acquired in excess of a certain number of eligible securities seek exclusion from the Class.

| 13.  How do I exclude myself from the Class? |
| --- |

To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *In re NII Holdings, Inc. Securities Litigation,* No. 14-00227 (E.D. Va.)."  You cannot exclude yourself by telephone or e-mail.  Your letter must report: (i) each of your purchases, acquisitions, and sales of NII Stock and NII Bonds on February 25, 2010 through and including the close of trading on May 28, 2014, including the dates, amounts (in terms of the number of shares of NII Stock and face amount of NII Bonds), and prices of each purchase, acquisition, and sale; and (ii) the number of shares and bonds you held as of the opening of trading on February 25, 2010, at the close of trading on February 27, 2014, and at the close of trading on May 28, 2014.  Your letter must also include your name, mailing address, telephone number, e-mail address, signature, and, in the case of entities, the name and address of the appropriate contact person.  You must submit your exclusion request so that it is **received on or before _____, 2016** to:

*In re NII Holdings Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217

Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in this Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 14. | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you properly exclude yourself, you will remain in the Class and you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2016.**

| **15.** | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, do not send in a Claim Form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| **16.** | **Do I have a lawyer in this case?** |
|---|---|

The Court appointed the law firms of Labaton Sucharow LLP and Kessler Topaz Meltzer & Check, LLP to represent all Class Members. These lawyers are called Class Counsel. You will not

- 19 -

be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.  How will the lawyers be paid?** |
|---|

Plaintiffs' Counsel have not been paid for any of their work.  Class Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest.  Class Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of this Action of no more than $1.75 million, plus interest on such expenses at the same rate as earned by the Settlement Fund.  In addition, Class Representatives also may apply for reimbursement of their reasonable costs and expenses (including lost wages) directly related to representing the Class, in accordance with the PSLRA, in a combined amount not to exceed $50,000.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| **18.  How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the Fee and Expense Application.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re NII Holdings, Inc. Securities Litigation,* No. 14-00227 (E.D. Va.)."  Your objection must: (i) include your name, address, telephone number, e-mail address, and signature; (ii) identify the amount of NII Stock and NII Bonds (in terms of number of shares of NII Stock and the number of NII Bonds) purchased, acquired, and sold during the Class Period, as well as the date(s) and price(s)

of each purchase, acquisition, and sale; and state the reasons why you object, which part(s) of the Settlement you object to, and include any legal support and/or evidence, including witnesses that support your objection.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application.  Your objection must be filed with the Court **on or before**

**_____, 2016 and** mailed or delivered to the following counsel so that it is **received on or before _____, 2016:**

| **Court** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Virginia<br>Albert V. Bryan U.S. Courthouse<br>401 Courthouse Square<br>Alexandria, VA 22314 | **Labaton Sucharow LLP**<br>Joel H. Bernstein, Esq.<br>140 Broadway<br>New York, NY 10005<br><br>**Kessler Topaz Meltzer & Check, LLP**<br>Gregory M. Castaldo, Esq.<br>280 King of Prussia Road<br>Radnor, PA 19087 | **Sidley Austin LLP**<br>Michael D. Warden, Esq.<br>1501 K Street, N.W.<br>Washington, DC 20005 |

You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has not submitted a request for exclusion and who has complied with the procedures described in this Question 18 and below in Question 22 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about their objection.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

---

**19.  What is the difference between objecting and seeking exclusion?**

---

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that

you do not want to be part of the Class.  If you exclude yourself from the Class, you have no basis to object because the Settlement and the Action no longer affects you.

## THE SETTLEMENT HEARING

### 20.  When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold the Settlement Hearing on _____, 2016 at ____ _.m., in Courtroom ____ at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314.

At this hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, adequate, and should be finally approved; (b) the Plan of Allocation is fair, reasonable, adequate, and should be approved; and (c) the application of Class Counsel for an award of attorneys' fees and payment of litigation expenses, including those of Class Representatives, is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 18 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel or visit the website, www.niisecuritieslitigation.com, beforehand to be sure that the hearing date and/or time has not changed.

### 21.  Do I have to come to the Settlement Hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a

Notice of Appearance in the manner described in the answer to Question 22 below **on or before**

**_____, 2016**.

---

**22.  May I speak at the Settlement Hearing?**

---

If you object to the Settlement or any aspect of it, you may ask the Court for permission to

speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 18),

**on or before _____ __, 2016,** a statement that you, or your attorney, intend to appear in "*In re*

*NII Holdings, Inc. Securities Litigation,* No. 14-00227 (E.D. Va.)."  Persons who intend to object to

the Settlement, the Plan of Allocation, and/or Class Counsel's Fee and Expense Application and

desire to present evidence at the Settlement Hearing must also include in their objections (prepared

and submitted in accordance with the answer to Question 18 above) the identities of any witnesses

they may wish to call to testify and any exhibits they intend to introduce into evidence at the

Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the

Class or if you have not provided written notice of your objection and intention to speak at the

Settlement Hearing in accordance with the procedures described in this Question 22 and Question 18

above.

### IF YOU DO NOTHING

---

**23.  What happens if I do nothing at all?**

---

If you do nothing and you are a member of the Class, you will receive no money from this

Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part

of any other lawsuit against Defendants and the other Released Defendant Parties concerning the

Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see*

Question 10).  To start, continue, or be a part of any other lawsuit against Defendants and the other

Released Defendant Parties concerning the Released Claims, you must exclude yourself from the

Class (*see* Question 13).

## GETTING MORE INFORMATION

| 24.  Are there more details about the Settlement? |
|---|

This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or documents in the case during business hours at the Office of the Clerk of the United States District Court, Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by calling the Claims Administrator toll free at (866) 905-8128; writing to the Claims Administrator at *In re NII Holdings, Inc. Securities Litigation,* c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217; or visiting the website dedicated to the Settlement, www.niisecuritieslitigation.com, where you will find answers to common questions about the Settlement, can download copies of the Stipulation or Claim Form, and can locate other information about the Settlement and whether you are eligible for a payment.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 24.  How will my claim be calculated? |
|---|

As discussed above, the Settlement provides $41.5 million in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitutes the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*,

members of the Class who timely submit valid Claim Forms that show Recognized Claims pursuant

to the Plan of Allocation and are approved by the Court.  Class Members who do not timely submit

valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the

Settlement.  The Court may approve this Plan of Allocation ("Plan of Allocation" or "Plan"), or

modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be

posted on the website www.niisecuritieslitigation.com.

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund

among Authorized Claimants who allegedly suffered economic losses as a result of the alleged

violations of the federal securities laws, as opposed to losses caused by market or industry factors or

Company-specific factors unrelated to the alleged violations of law.  To design this Plan, Class

Counsel have conferred with their damages expert.  This Plan is intended to be generally consistent

with an assessment of, among other things, the damages that Class Counsel and Class

Representatives believe were recoverable in the Action.  The Plan of Allocation, however, is not a

formal damages analysis.

For losses to be compensable under the federal securities laws, the disclosure of the allegedly

misrepresented information must be the cause of the decline in the price of the security.  In this case,

Class Representatives allege that Defendants issued false statements and omitted material facts

during the Class Period (February 25, 2010 through February 27, 2014), which allegedly inflated the

prices of NII Stock and NII Bonds.  In order for a claimant to have a compensable loss, the market

prices of NII Stock and NII Bonds must have declined due to disclosure of the alleged false and

misleading statements and omissions.  Specifically, in order for a claimant's NII Stock and/or NII

Bonds purchased or acquired during the Class Period and prior to the first alleged partial corrective

disclosure to have a compensable loss, the security must be held until the opening of trading on

February 23, 2012 (in the case of NII Stock) and the opening of trading on April 26, 2012 (in the

- 25 -

case of NII Bonds).  Purchases and acquisitions of NII Stock and/or NII Bonds occurring after the first alleged partial corrective disclosure must have been held through a subsequent alleged partial corrective disclosure in order to have a compensable loss.

The formulas for calculating Recognized Loss Amounts and Recognized Claims described in this Notice are not intended to estimate the amounts that Class Members might have been able to recover after a trial, or the amounts that will actually be paid to Authorized Claimants in connection with this Settlement.  Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed on a *pro rata* basis among Authorized Claimants.  An Authorized Claimant's *pro rata* share of the Net Settlement Fund will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the total Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

Defendants, their counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Class Representatives, Plaintiffs' Counsel, and their agents, likewise will have no liability for their reasonable efforts to execute and administer the Settlement, and distribute the Net Settlement Fund.

## A.    <u>Eligible Securities</u>

The securities eligible to participate in the Settlement and to recover from the Net Settlement Fund are NII publicly traded common stock (ISIN: US62913F2011), as well as the following publicly traded debt securities: (i) 7.625% NII Bonds, due April 1, 2021 (ISIN: US67021BAE92); (ii) 8.875% NII Bonds, due December 15, 2019 (ISIN: US67021BAC37); and (iii) 10% NII Bonds,

due August 15, 2016 (ISIN: US67021BAD10).   Collectively, the NII Stock and NII Bonds are referred to as the "Eligible NII Securities."   Option contracts to purchase or sell NII Stock are not securities eligible to participate in the Settlement.   With respect to NII Stock purchased or sold through the exercise of an option, the purchase/sale date of the NII Stock is the exercise date of the option and the purchase/sale price of the NII Stock is the exercise price of the option.

The recoveries, prices, and inflation per NII Bond described in this Notice are per $1,000 par.

**B.** **Calculation of Recognized Loss Amounts**

For purposes of determining whether a claimant has a "Recognized Claim," purchases, acquisitions, and sales of each respective Eligible NII Security will first be matched on a First In/First Out ("FIFO") basis.   If a claimant has more than one purchase/acquisition or sale of an Eligible NII Security during the Class Period, all purchases/acquisitions and sales of each respective Eligible NII Security will be matched on a FIFO basis.   For each such security, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

For each Eligible NII Security purchased or otherwise acquired during the Class Period and sold before the close of trading on May 28, 2014 (the end of the 90-day look back period described in footnote ___ below), an "Out of Pocket Loss" will be calculated.   Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).   To the extent that the calculation of the Out of Pocket Loss results in a negative number, thereby reflecting a gain on the transaction, that number shall be set to zero.

A "Recognized Loss Amount" will be calculated as set forth below for each respective purchase/acquisition of Eligible NII Securities during the Class Period that is listed in the Claim

Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

Based on the foregoing, and for purposes of this Settlement only, Recognized Loss Amounts will be calculated as follows:

1. **For each share of NII Stock purchased or otherwise acquired from February 25, 2010 through and including February 27, 2014, and**:

(a) Sold before the opening of trading on February 23, 2012, the Recognized Loss Amount for each such share shall be zero.

(b) Sold after the opening of trading on February 23, 2012 and before the close of trading on February 27, 2014, the Recognized Loss Amount for each such share shall be **the lesser of**:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in Column 2 of Table 1 below; or

(ii) the Out of Pocket Loss.

(c) Sold after the close of trading on February 27, 2014 and before the close of trading on May 28, 2014, the Recognized Loss Amount for each such share shall be **the least of**:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below; or

(ii) the actual purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* the average closing price of NII Stock from February 28, 2014, up to the date of sale as set forth in Column 2 of Table 2 below;[4] or

---

[4] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Eligible NII Securities during the

(iii)      the Out of Pocket Loss.

(d)      Held as of the close of trading on May 28, 2014, the Recognized Loss Amount for each such share shall be **the lesser of**:

(i)      the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below; or

(ii)      the actual purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* $0.95, the price set forth in Column 2 of Table 2 below.

**2.**      **For each NII Bond purchased or otherwise acquired from February 25, 2010 through and including February 27, 2014, and:**

(a)      Sold before the opening of trading on April 26, 2012, the Recognized Loss Amount for each such Bond shall be zero.

(b)      Sold after the opening of trading on April 26, 2012 and before the close of trading on February 27, 2014, the Recognized Loss Amount with respect to each:

(i)      **10% Bond** shall be the **lesser of**:

    a. the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 3 of Table 1 below *minus* the dollar amount of alleged artificial inflation applicable to each such Bond on the date of sale as set forth in Column 3 of Table 1 below; or

    b. the Out of Pocket Loss.

(ii)      **8.875% Bond** shall be the **lesser of**:

    a. the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 4 of Table 1 below *minus* the dollar amount of alleged artificial inflation applicable to each such Bond on the date of sale as set forth in Column 4 of Table 1 below; or

    b. the Out of Pocket Loss.

---

90-day look-back period, February 28, 2014 through May 28, 2014.  The mean (average) closing price for each Eligible NII Security during this 90-day look-back period is set forth in the last line of Table 2.

(iii)    **7.625% Bond** shall be the **lesser of**:

    a.  the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 5 of Table 1 below *minus* the dollar amount of alleged artificial inflation applicable to each such Bond on the date of sale as set forth in Column 5 of Table 1 below; or

    b.  the Out of Pocket Loss.

    (c)    Sold after the close of trading on February 27, 2014 and before the close of trading on May 28, 2014, the Recognized Loss Amount for each:

(i)    **10% Bond** shall be the **least of**:

    a.  the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 3 of Table 1 below; or

    b.  the actual purchase/acquisition price of each such Bond (excluding all fees, taxes, and commissions) *minus* the average closing price of the Bond from February 28, 2014, up to the date of sale as set forth in Column 3 of Table 2 below; or

    c.  the Out of Pocket Loss.

(ii)    **8.875% Bond** shall be the **least of**:

    a.  the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 4 of Table 1 below; or

    b.  the actual purchase/acquisition price of each such Bond (excluding all fees, taxes, and commissions) *minus* the average closing price of the Bond from February 28, 2014, up to the date of sale as set forth in Column 4 of Table 2 below; or

    c.  the Out of Pocket Loss.

(iii)    **7.625% Bond** shall be the **least of**:

    a.  the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 5 of Table 1 below; or

    b.  the actual purchase/acquisition price of each such Bond (excluding all fees, taxes, and commissions) *minus* the average closing price of the Bond from February 28, 2014, up to the date of sale as set forth in Column 5 of Table 2 below; or

          c.   the Out of Pocket Loss.

(d)     Held as of the close of trading on May 28, 2014, the Recognized Loss Amount for each:

       (i)   **10% Bond** shall be the **lesser of**:

          a.   the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 3 of Table 1 below; or

          b.   the actual purchase/acquisition price of each such Bond (excluding all fees, taxes, and commissions) *minus* $396.26, the price set forth in Column 3 of Table 2 below.

       (ii)   **8.875% Bond** shall be the **lesser of**:

          a.   the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 4 of Table 1 below; or

          b.   the actual purchase/acquisition price of each such Bond (excluding all fees, taxes, and commissions) *minus* $453.97, the price set forth in Column 4 of Table 2 below.

       (iii)   **7.625% Bond** shall be the **lesser o**f:

          a.   the dollar amount of alleged artificial inflation applicable to each such Bond on the date of purchase/acquisition as set forth in Column 5 of Table 1 below; or

          b.   the actual purchase/acquisition price of each such Bond (excluding all fees, taxes, and commissions) *minus* $301.51, the price set forth in Column 5 of Table 2 below.

**C.**    **Additional Provisions**

Purchases, acquisitions, and sales of Eligible NII Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Eligible NII Securities during the Class Period will not be deemed a purchase, acquisition, or sale for the calculation of Recognized Loss Amounts, unless (i) the donor or decedent purchased or otherwise acquired the Eligible NII Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the

decedent, or by anyone else with respect to the Eligible NII Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Eligible NII Securities. The date of a "short sale" is deemed to be the date of sale of Eligible NII Securities. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on a "short sale" is zero. In the event that a claimant has an opening short position in Eligible NII Securities, the earliest Class Period purchases or acquisitions of that respective security will be matched against such opening short position and will not be entitled to a recovery until that short position is fully covered.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Claims will be calculated as defined in this Notice by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations and issued the Distribution Order. Following an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and any outstanding attorneys' fees and expenses, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Any

balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any outstanding attorneys' fees and expenses, will be contributed to non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Class Representatives and approved by the Court.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of Virginia with respect to his, her, or its claim.

### TABLE 1[5]

**Estimated Alleged Artificial Inflation for Each Eligible NII Security**
**For Purposes of Calculating Purchase/Acquisition and Sale Inflation**

| Purchase, Acquisition, or Sale Date [1] | Common Stock [2] | 10% Bond [3] | 8.875% Bond [4] | 7.625% Bond [5] |
|---|---|---|---|---|
| February 25, 2010 to February 23, 2011 | $0.71 | $0.00 | $0.00 | $0.00 |
| February 24, 2011 to April 27, 2011 | $1.98 | $0.30 | $4.26 | $4.95 |
| April 28, 2011 to July 27, 2011 | $3.25 | $0.61 | $8.52 | $9.90 |
| July 28, 2011 to October 26, 2011 | $4.52 | $0.91 | $12.78 | $14.85 |
| October 27, 2011 to February 22, 2012 | $5.79 | $1.22 | $17.04 | $19.80 |
| February 23, 2012 to April 25, 2012 | $4.07 | $1.22 | $17.04 | $19.80 |
| April 26, 2012 to May 1, 2013[6] | $0.01 | $0.01 | $0.01 | $0.01 |
| May 2, 2013 to July 31, 2013 | $2.41 | $178.00 | $124.83 | $109.99 |
| August 1, 2013 to October 30, 2013 | $1.76 | $152.02 | $103.27 | $103.52 |

---

[5] The prices listed in Table 1 and Table 2 for each NII Bond are per $1,000 par value.

[6] Losses in connection with purchases/acquisitions of NII Stock and NII Bonds during the period from April 26, 2012 through May 1, 2013 are *de minimis* in light of unique difficulties the Class would have faced in proving that Defendants made any false statements during this period that caused the Class's alleged losses.

| October 31, 2013 to December 8, 2013 | $1.22 | $115.96 | $76.60 | $73.86 |
| December 9, 2013 to February 27, 2014 | $1.00 | $75.17 | $37.47 | $31.68 |

**TABLE 2**

**Average Closing Price for Each Eligible NII Security**
**February 28, 2014 – May 28, 2014[7]**

| Date [1] | Average Closing Price Between February 28, 2014 and Date Shown | | | |
| | Common Stock [2] | 10% Bond [3] | 8.875% Bond [4] | 7.625% Bond [5] |
|---|---|---|---|---|
| 2/28/2014 | $1.15 | $462.27 | $436.62 | $376.54 |
| 3/3/2014 | $1.16 | $443.86 | $424.09 | $362.81 |
| 3/4/2014 | $1.16 | $445.88 | $430.02 | $358.54 |
| 3/5/2014 | $1.16 | $448.13 | $434.08 | $360.22 |
| 3/6/2014 | $1.14 | $455.29 | $443.74 | $368.02 |
| 3/7/2014 | $1.14 | $461.32 | $449.71 | $370.43 |
| 3/10/2014 | $1.14 | $467.10 | $456.14 | $369.46 |
| 3/11/2014 | $1.13 | $471.34 | $462.19 | $364.63 |
| 3/12/2014 | $1.13 | $475.32 | $472.77 | $363.34 |
| 3/13/2014 | $1.12 | $475.83 | $479.35 | $360.43 |
| 3/14/2014 | $1.10 | $475.06 | $480.35 | $357.39 |
| 3/17/2014 | $1.10 | $475.60 | $481.61 | $355.56 |
| 3/18/2014 | $1.10 | $475.19 | $483.10 | $353.27 |
| 3/19/2014 | $1.10 | $473.31 | $483.28 | $350.94 |
| 3/20/2014 | $1.10 | $471.23 | $482.41 | $348.47 |
| 3/21/2014 | $1.12 | $468.65 | $481.46 | $345.38 |
| 3/24/2014 | $1.12 | $466.05 | $479.16 | $342.54 |
| 3/25/2014 | $1.12 | $463.51 | $476.88 | $339.62 |
| 3/26/2014 | $1.11 | $461.25 | $476.88 | $336.88 |
| 3/27/2014 | $1.11 | $458.59 | $475.32 | $334.34 |
| 3/28/2014 | $1.11 | $456.45 | $473.93 | $332.10 |
| 3/31/2014 | $1.12 | $454.03 | $472.72 | $329.97 |
| 4/1/2014 | $1.12 | $452.00 | $471.45 | $328.48 |
| 4/2/2014 | $1.13 | $450.18 | $471.20 | $327.57 |
| 4/3/2014 | $1.13 | $448.57 | $470.71 | $326.70 |
| 4/4/2014 | $1.13 | $446.98 | $470.32 | $325.90 |
| 4/7/2014 | $1.13 | $445.82 | $470.32 | $325.06 |

[7] On dates where the market was open but the security did not trade, closing prices are set to the last known closing price.

| Date [1] | Average Closing Price Between February 28, 2014 and Date Shown | | | |
| | Common Stock [2] | 10% Bond [3] | 8.875% Bond [4] | 7.625% Bond [5] |
|---|---|---|---|---|
| 4/8/2014 | $1.13 | $445.13 | $469.72 | $323.98 |
| 4/9/2014 | $1.13 | $443.70 | $469.21 | $322.64 |
| 4/10/2014 | $1.13 | $441.83 | $468.80 | $320.96 |
| 4/11/2014 | $1.12 | $439.58 | $468.80 | $319.05 |
| 4/14/2014 | $1.12 | $437.04 | $468.80 | $317.42 |
| 4/15/2014 | $1.12 | $435.03 | $468.80 | $315.10 |
| 4/16/2014 | $1.12 | $433.28 | $468.11 | $313.47 |
| 4/17/2014 | $1.11 | $431.87 | $467.24 | $312.26 |
| 4/21/2014 | $1.11 | $430.44 | $466.34 | $311.31 |
| 4/22/2014 | $1.10 | $429.09 | $465.98 | $310.53 |
| 4/23/2014 | $1.10 | $428.28 | $466.05 | $310.21 |
| 4/24/2014 | $1.10 | $427.76 | $466.42 | $310.10 |
| 4/25/2014 | $1.09 | $427.22 | $466.84 | $310.06 |
| 4/28/2014 | $1.09 | $426.45 | $466.76 | $309.93 |
| 4/29/2014 | $1.08 | $425.46 | $466.65 | $309.64 |
| 4/30/2014 | $1.08 | $424.38 | $466.65 | $309.48 |
| 5/1/2014 | $1.07 | $423.17 | $466.31 | $308.82 |
| 5/2/2014 | $1.07 | $422.15 | $466.01 | $308.82 |
| 5/5/2014 | $1.06 | $421.19 | $466.01 | $308.30 |
| 5/6/2014 | $1.05 | $420.08 | $465.67 | $307.88 |
| 5/7/2014 | $1.04 | $418.90 | $464.98 | $307.65 |
| 5/8/2014 | $1.04 | $417.73 | $464.51 | $307.56 |
| 5/9/2014 | $1.03 | $416.58 | $463.68 | $307.40 |
| 5/12/2014 | $1.02 | $415.21 | $462.76 | $307.06 |
| 5/13/2014 | $1.02 | $413.76 | $462.02 | $306.63 |
| 5/14/2014 | $1.01 | $412.27 | $461.39 | $305.93 |
| 5/15/2014 | $1.00 | $410.45 | $460.45 | $305.25 |
| 5/16/2014 | $0.99 | $408.77 | $459.80 | $305.02 |
| 5/19/2014 | $0.99 | $407.14 | $459.80 | $304.72 |
| 5/20/2014 | $0.98 | $405.54 | $459.58 | $304.72 |
| 5/21/2014 | $0.97 | $403.59 | $458.97 | $304.12 |
| 5/22/2014 | $0.96 | $401.70 | $457.81 | $303.46 |
| 5/23/2014 | $0.96 | $399.99 | $456.70 | $302.99 |
| 5/27/2014 | $0.95 | $398.13 | $455.33 | $302.25 |
| 5/28/2014 | $0.95 | $396.26 | $453.97 | $301.51 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

If you purchased or otherwise acquired publicly traded NII Stock (ISIN: US62913F2011) and/or publicly traded NII Bonds (ISIN: US67021BAE92), (ISIN: US67021BAC37), (ISIN: US67021BAD10) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or acquired Eligible NII Securities during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re NII Holdings, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217


Dated: _____, 2016                     BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT
                                         EASTERN DISTRICT OF VIRGINIA

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE NII HOLDINGS, INC.
SECURITIES LITIGATION

Civ. No. 1:14-cv-00227-LMB-JFA

**PROOF OF CLAIM AND RELEASE**

**GENERAL INSTRUCTIONS**

1.      Capitalized terms not defined in this Proof of Claim and Release form ("Claim Form") have the same meanings as explained in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") that accompanies this Claim Form and the Stipulation and Agreement of Settlement, dated as of April 18, 2016 (the "Stipulation").

2.      To be eligible to recover from the Net Settlement Fund in the action entitled *In re NII Holdings, Inc. Securities Litigation,* Civ. No. 1:14-cv-00227-LMB-JFA (E.D. Va.) (the "Action"), you must complete and, on page ___ , sign this Claim Form, and submit your Claim Form to the Claims Administrator as instructed below.  If you fail to submit a properly completed and addressed Claim Form by the date specified below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

3.      Submission of this Claim Form, however, does not ensure that you will share in the Net Settlement Fund.

4.      **YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED OR RECEIVED NO LATER THAN _____, 2016, ADDRESSED AS FOLLOWS:**

*In re NII Holdings Inc. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 170500**
**Milwaukee, WI  53217**

To be considered timely, your Claim Form must be postmarked or received by the deadline above.  Unless your Claim Form is submitted with a postmark, it will be deemed to have been submitted when actually received by the Claims Administrator.

- 1 -

5.      You must submit supporting documentation for the transactions reported on this Claim Form, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents.

6.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

7.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased Eligible NII Securities during the Class Period and held them in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If you purchased Eligible NII Securities during the relevant time period for your own benefit, but the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are still the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

8.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of Persons represented by them, and they must:

    a.   expressly state the capacity in which they are acting;

b.  identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other Person on whose behalf they are acting with respect to) the Eligible NII Securities; and

c.  furnish evidence of their authority to bind to the Claim Form the Person on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another Person's accounts.)

9.      If you are NOT a Class Member (as defined in the Notice), or are excluded by the definition of the Class, DO NOT submit a Claim Form.

10.     If you are a Class Member and have not requested exclusion, you will be bound by the terms of the Settlement and any judgment entered in this Action, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

11.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.niisecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at _____.com.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you

receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at _____.com to inquire about your file and confirm it was received and acceptable.

12.     You should be aware that it will take a significant amount of time to fully process all of the submitted Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to review and tabulate each Claim Form.  Please notify the Claims Administrator of any changes of address.

<table>
<tr><td>

MUST BE
POSTMARKED OR
RECEIVED NO
LATER THAN
_____ 2016

</td><td>

*In re NII Holdings, Inc.*
*Securities Litigation*
**PROOF OF CLAIM AND RELEASE**
Use Blue or Black Ink Only

</td><td>

For Official Use Only

</td></tr>
</table>

**PART I: CLAIMANT IDENTIFICATION** - Complete either Section A or B and then proceed to C. Please type or print.

A.   Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.   Otherwise, proceed to B.

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner, if applicable)

Name of Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

B.   Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.   Mailing/Account Information:

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Estate   ☐ Trust

☐ Other:

Number and Street or P.O. Box

City

State          Zip Code

Foreign Province and Postal Code          Foreign Country

Telephone Number (Day)          Telephone Number (Evening)

Email Address          Account Number

Last 4 Digits of SSN/EIN/TIN

**PART II:    TRANSACTIONS IN PUBLICLY TRADED NII HOLDINGS COMMON STOCK**
**(ISIN: US62913F2011)**

| **1. BEGINNING HOLDINGS** – State the total number of shares of NII Stock held as of the opening of trading on February 25, 2010.  If none, write "0" or "Zero."  (Must be documented.) _____ | Proof of Holdings Enclosed ○ Y    ○ N |
|---|---|

**2. PURCHASES/ACQUISITIONS** – Separately list each and every purchase/acquisition of NII Stock from after the opening of trading on February 25, 2010 through and including the close of trading on May 28, 2014.[1]  (Must be documented.)

**IF NONE, CHECK HERE**
○

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions and fees) | Proof of Purchase/Acquisition Enclosed |
|---|---|---|---|---|
| /    / |  | $ | $ | ○ Y    ○ N |
| /    / |  | $ | $ | ○ Y    ○ N |
| /    / |  | $ | $ | ○ Y    ○ N |
| /    / |  | $ | $ | ○ Y    ○ N |

**3. SALES** – Separately list each and every sale/disposition of NII Stock from after the opening of trading on February 25, 2010 through and including the close of trading on May 28, 2014.  (Must be documented.)

**IF NONE, CHECK HERE**
○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / |  | $ | $ | ○ Y    ○ N |
| /    / |  | $ | $ | ○ Y    ○ N |
| /    / |  | $ | $ | ○ Y    ○ N |
| /    / |  | $ | $ | ○ Y    ○ N |

| **4. ENDING HOLDINGS** – State the total number of shares of NII Stock held as of the close of trading on May 28, 2014.  If none, write "0" or "Zero." (Must be documented.) _____ | Proof Enclosed ○ Y    ○ N |
|---|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested with respect to your purchases/acquisitions of NII Stock from the opening of trading on February 28, 2014 through and including the close of trading on May 28, 2014 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible to participate in the Settlement as these purchases/acquisitions are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

## PART III:    TRANSACTIONS IN PUBLICLY TRADED NII BONDS

Code A = 7.625% NII Bonds, Due April 1, 2021 (ISIN: US67021BAE92)
Code B = 8.875% NII Bonds, Due December 15, 2019 (ISIN: US67021BAC37)
Code C = 10% NII Bonds, Due August 15, 2016 (ISIN: US67021BAD10)

**1. BEGINNING AND ENDING POSITIONS** – State the face value of each type of NII Bond held at the opening of trading on February 25, 2010, at the close of trading on February 27, 2014, and at the close of trading on May 28, 2014.  If none, write "0" or "Zero."  (Must be documented.)

| Bond Code (see above) | Face Value of this Bond Held as of the Opening of Trading on February 25, 2010 | Face Value of this Bond Held as of the Close of Trading on February 27, 2014 | Face Value of this Bond Held as of the Close of Trading on May 28, 2014 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**2. PURCHASES/ACQUISITIONS** – For each particular NII Bond, state (in chronological order) all purchases/acquisitions from after the opening of trading on February 25, 2010 through and including the close of trading on May 28, 2014.[2]  If none, write "0" or "Zero."  (Must be documented.)

| Bond Code (see above) | Trade Date of Purchase/Acquisition (Month/Day/Year) | Face Value of this Bond Purchased/Acquired | Purchase/Acquisition Price | Aggregate Cost (excluding taxes, commissions and fees) |
|---|---|---|---|---|
| | / / | | | |
| | / / | | | |
| | / / | | | |
| | / / | | | |
| | / / | | | |

**3. SALES** – Separately list (in chronological order) each and every sale of NII Bonds from after the opening of trading on February 25, 2010 through and including the close of trading on May 28, 2014. (Must be documented.)

| Bond Code (see above) | Trade Date of Sale (Month/Day/Year) | Face Value of this Bond Sold | Sale Price | Aggregate Received (excluding taxes, commissions and fees) |
|---|---|---|---|---|
| | / / | | | |
| | / / | | | |
| | / / | | | |
| | / / | | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[2] Information requested with respect to your purchases/acquisitions of NII Bonds from the opening of trading on February 28, 2014 through and including the close of trading on May 28, 2014 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible to participate in the Settlement as these purchases/acquisitions are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

## I. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Proof of Claim and Release form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Virginia (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth in the Settlement. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Eligible NII Securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in NII Stock or NII Bonds during the Class Period and know of no other person having done so on my (our) behalf.

## II. RELEASES, WARRANTIES, AND CERTIFICATION

1. I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the excluded Persons, as defined in the accompanying Notice, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund under the terms and conditions of the Plan of Allocation, as set forth in the Notice.

2. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales and other transactions in publicly traded NII

Stock and NII Bonds that occurred during the Class Period and the number of Eligible NII Securities held by me (us), to the extent requested.

4.      I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2016

_____          _____
Signature of Claimant                                   (Type or print name of Claimant)

_____          _____
Signature of Joint Claimant, if any               (Type or print name of Joint Claimant, if any)

_____          _____
Signature of person signing on behalf         (Type or print name of person signing,
of Claimant                                                  on behalf of Claimant)

| |
|---|

Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.     Please sign this Claim Form on Page __.

2.     Remember to attach supporting documentation, if available.  DO NOT HIGHLIGHT ANY PORTION OF THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.     Do NOT send original stock certificates or original brokerage statements.  These items cannot be returned to you by the Claims Administration.

4.     Keep a copy of your Claim Form and all documents submitted for your records.

5.     The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 905-8128.

6.     If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.  If you change your name, please notify the Claims Administrator

7.     If you have any questions or concerns regarding your Claim Form, please contact the Claims Administrator at the address below or toll free at (866) 905-8128, or visit www.niisecuritieslitigation.com

**THIS CLAIM FORM MUST BE POSTMARKED OR RECEIVED NO LATER THAN**

**_____, 2016, ADDRESSED AS FOLLOWS:**

*In re NII Holdings, Inc. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 170500**
**Milwaukee, WI  53217**

# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE NII HOLDINGS, INC. SECURITIES LITIGATION | Civ. No. 1:14-cv-00227-LMB-JFA |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**TO:**   **All Persons and Entities that, During the Period from February 25, 2010 Through February 27, 2014, Inclusive ("Class Period"), Purchased or Otherwise Acquired the Publicly Traded Securities of NII Holdings, Inc. and/or NII Capital Corp. and Who Were Damaged Thereby.  The Eligible Securities Are NII Holdings, Inc. Common Stock ("NII Stock") (ISIN: US62913F2011), as Well as the Following Debt Securities ("NII Bonds"): (i) 7.625% NII Bonds, Due April 1, 2021 (ISIN: US67021BAE92); (ii) 8.875% NII Bonds, Due December 15, 2019 (ISIN: US67021BAC37); and (iii) 10% NII Bonds, Due August 15, 2016 (ISIN: US67021BAD10).  Certain Persons and Entities are Excluded from the Foregoing Definition of the Class, as set forth in Detail in the Full Notice Mentioned Below.**

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, in accordance with Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the class set forth above (the "Class").  YOU ARE ALSO NOTIFIED that the Court-appointed Class Representatives Danica Pension, Livsforsikringsaktieselskab, Industriens Pensionsforsikring A/S, Pension Trust Fund for Operating Engineers Pension Plan, IBEW Local No. 58 / SMC NECA Funds, and Jacksonville Police & Fire Pension Fund (collectively, "Class Representatives"), on behalf of themselves and the Class, and Defendants Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady (the "Defendants") have reached a proposed settlement of the Action in the amount of $41,500,000 in cash (the "Settlement Amount") that, if approved by the Court, will resolve all claims in the Action (the "Settlement").

A hearing will be held before the Honorable Leonie M. Brinkema of the United States District Court for the Eastern District of Virginia in the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314 at __:___ ___.m. on _____ __, 2016 (the "Settlement Hearing") to, among other things, determine whether the Court should: (a) approve the proposed Settlement as fair, reasonable, and adequate; (b) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated as of April 18, 2016; (c)

- 1 -

approve the proposed Plan of Allocation for distribution of the Settlement Amount, and any interest earned thereon, less Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund"); and (d) approve Class Counsel's application for an award of attorneys' fees and payment of expenses.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received the full Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting the website dedicated to this Action:

*In re NII Holdings, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI  53217
(866) 905-8128
www.niisecuritieslitigation.com

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Class Counsel:

| | |
|---|---|
| Joel H. Bernstein, Esq. | Gregory M. Castaldo, Esq. |
| Mark S. Arisohn, Esq. | Jennifer L. Joost, Esq. |
| Serena Hallowell, Esq. | **KESSLER TOPAZ MELTZER &** |
| **LABATON SUCHAROW LLP** | **CHECK, LLP** |
| 140 Broadway | 280 King of Prussia Road |
| New York, NY 10005 | Radnor, PA 19087 |
| www.labaton.com | www.ktmc.com |
| (888) 219-6877 | (610) 667-7706 |

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or received no later than _____ \_\_, 2016***. If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions in the Notice such that it is ***received no later than _____ \_\_, 2016.*** If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and payment of expenses must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***filed and received no later than _____ \_\_, 2016***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS'
COUNSEL REGARDING THIS NOTICE.**
**All questions about this notice, the proposed Settlement, or your eligibility to
participate in the Settlement should be directed to Class Counsel or the Claims
Administrator**

DATED: _____, 2016          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          EASTERN DISTRICT OF VIRGINIA