

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE NII HOLDINGS, INC.<br>SECURITIES LITIGATION | Civ. No. 1:14-cv-00227-LMB-JFA |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of April 18, 2016, Danica Pension, Livsforsikringsaktieselskab, Industriens Pensionsforsikring A/S, Pension Trust Fund for Operating Engineers Pension Plan, IBEW Local No. 58 / SMC NECA Funds, and Jacksonville Police & Fire Pension Fund (collectively, "Class Representatives"), on behalf of themselves and all members of the certified Class, and Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady (collectively, "Defendants" or the "Individual Defendants") entered into the Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

WHEREAS, in an Order entered November 17, 2015, the Court certified a class consisting of all persons and entities that, during the period from February 25, 2010 through February 27, 2014, inclusive, purchased or otherwise acquired the publicly traded securities of NII Holdings, Inc. and/or NII Capital Corp. and who were damaged thereby. The eligible securities are NII Holdings, Inc. common stock ("NII Stock") (ISIN: US62913F2011), as well as the following debt securities ("NII Bonds"): (i) 7.625% NII Bonds, due April 1, 2021 (ISIN: US67021BAE92); (ii) 8.875% NII Bonds, due December 15, 2019 (ISIN: US67021BAC37); and

2. A hearing (the "Settlement Hearing") in accordance with Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on Friday, September 16, 2016, at 10:00 a.m. for the following purposes:

(a) to determine whether the proposed Settlement on the terms and provisions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Claims, as provided in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d) to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for reimbursement to Class Representatives of their reasonable costs and expenses (including lost wages) directly related to their representations of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e) to rule upon any other matters that the Court may deem appropriate.

3. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also

3

adjourn the Settlement Hearing or modify any of the dates in this Order without further notice to members of the Class.

4. The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5. The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including those who are identified through the Company's transfer records. Defendants, to the extent they have not already done so, shall use their best efforts to obtain and provide to Class Counsel or the Claims Administrator the Company's transfer records in electronic searchable form containing the names and addresses of purchasers of Eligible NII Securities during the Class Period on or before five (5) business days after entry of this Preliminary Approval Order.

6. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Eligible NII Securities during the Class Period as record owners but not as beneficial owners. These nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all beneficial owners for which they purchased or otherwise acquired Eligible NII Securities during the Class Period and WITHIN SEVEN (7) CALENDAR DAYS of receipt of

those Notices from the Claims Administrator forward them to all those beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to the identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, the nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

7. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9. The form and content of the notice program described in this Order, and the methods provided in this Order of notifying the Class of the certification of the Action as a class action and the proposed Settlement of the Action and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice.

10. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) The claimant must submit a properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, to the Claims Administrator, at the address indicated in the Notice, postmarked or received on or before 120 calendar days after the Notice Date. This deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) as long as the Proof of Claim is actually received before the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this Order.

(b) The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed by the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the

transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documentation that is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11. Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her, or its own choice. If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

12. Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as provided below. A putative Class Member wishing to request exclusion from the Class shall mail the request in written form by first-class mail to the address designated in the Notice for exclusion requests, such that it is received on or before twenty-one (21) calendar days before the Settlement Hearing. The request for exclusion must state the name, address, and telephone number of the Person seeking exclusion and, in the case of entities, the name and address of the appropriate contact person; must state that the sender requests to be "excluded from the Class in *In re NII Holdings, Inc. Securities Litigation*, No. 14-00227 (E.D. Va.)"; and must be signed by such Person. Persons requesting exclusion must also state the

information requested in the Notice, including, but not limited to (i) the purchases, acquisitions, and sales of NII Stock and NII Bonds on February 25, 2010 through and including the close of trading on May 28, 2014, including the dates, amounts (in terms of the number of shares of NII Stock and face amount of NII Bonds), and prices of each purchase, acquisition, and sale; and (ii) the number of shares and bonds held as of the opening of trading on February 25, 2010, at the close of trading on February 27, 2014, and at the close of trading on May 28, 2014. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13. Putative Class Members requesting exclusion from the Class shall not be eligible to receive any payment from the Net Settlement Fund.

14. Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses. The Court will consider a Class Member's objection only if the Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: Joel Bernstein, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; Gregory Castaldo, Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087; and Defendants' Counsel: Michael Warden, Sidley Austin LLP, 1501 K Street, N.W., Washington, DC 20005 and has filed the objection and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314 on or before twenty-one (21) calendar days before the Settlement Hearing. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice

shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15. Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against the Released Defendant Parties.

16. As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class, reviewing claims, and administering the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

17. All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on

or before thirty-five (35) calendar days before the date set in this Order for the Settlement Hearing. If reply papers are necessary, they must be filed with the Court and served on or before seven (7) calendar days before the Settlement Hearing.

18. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.

19. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until the funds are disbursed pursuant to the Stipulation and/or further order of the Court.

20. Neither Defendants nor their counsel have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or Class Representatives, and these matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

21. This Order and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce this Order and the Stipulation, and in particular:

    (a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released

Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any Person;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives or any other member of

the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

22. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then the Stipulation, including any amendment(s) to it, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to January 15, 2016.

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: May 16, 2016

/s/ [signature]

Leonie M. Brinkema
United States District Judge