UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE NII HOLDINGS, INC. SECURITIES LITIGATION | Civ. No. 1:14-cv-00227-LMB-JFA |

### ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter having come before the Court for hearing on September 16, 2016 (the "Settlement Hearing") on Class Counsel's motion for an award of attorneys' fees, payment of litigation expenses incurred by Plaintiffs' counsel, and reimbursement of costs and expenses to Class Representatives in connection with their representation of the Class in the above-captioned class action ("Action"); the Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over PR Newswire in accordance with the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 18, 2016 (the "Stipulation"), and all capitalized terms not otherwise defined in this Order have the same meanings as defined in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees, payment of litigation expenses incurred by Plaintiffs' counsel, and reimbursement of costs and expenses to Class Representatives in connection with their representation of the Class was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled to notice.

4. Class Counsel are awarded attorneys' fees in the amount of 25% of the Settlement Fund (which amount includes accrued interest) and payment of litigation expenses in the amount of $1,467,617.60, plus interest earned on this amount at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable. Class Counsel will allocate the attorneys' fees awarded amongst Plaintiffs' counsel.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $41,500,000 in cash that has been funded into escrow under the Stipulation, and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' counsel;

(b) The fee sought by Class Counsel has been reviewed and approved as reasonable by Class Representatives, institutional investors that oversaw the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 188,000 potential Class Members and nominees stating that Class Counsel, on behalf of Plaintiffs' Counsel, would apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund and payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $1.75 million, plus interest. The Notice advised Class Members of their right to object to Class Counsel's motion for attorneys' fees and expenses, and a full and fair opportunity was accorded to Persons who are Class Members to be heard with respect to the motion. No objections to the fees and expenses requested by Class Counsel have been received;

(d) Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action involves complex factual and legal issues, and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(f) Class Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(g) Plaintiffs' counsel have devoted more than 39,000 hours to this Action, with a lodestar value of $19,191,280.25, to achieve the Settlement;

(h) The amount of attorneys' fees is consistent with awards in similar cases and supported by public policy; and

(i) The amount of expenses awarded is fair and reasonable and was necessarily incurred in the prosecution and settlement of the Action.

6. The Court awards the following amounts from the Settlement Fund to Class Representatives as reimbursement for their reasonable costs and expenses directly related to their representation of the Class: $15,150.00 to Danica Pension, Livsforsikringsaktieselskab; $6,795.00 to Industriens Pensionsforsikring A/S; $8,720.00 to IBEW Local No. 58 / SMC NECA Funds; and $6,696.00 to Jacksonville Police & Fire Pension Fund.

7. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application will in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order will be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: September 16, 2016

/s/ _____
Leonie M. Brinkema
United States District Judge