UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE NII HOLDINGS, INC.
SECURITIES LITIGATION

Civ. No. 1:14-cv-00227-LMB-JFA

**FINAL ORDER AND JUDGMENT**

WHEREAS:

A.  As of April 18, 2016, Danica Pension, Livsforsikringsaktieselskab, Industriens Pensionsforsikring A/S, Pension Trust Fund for Operating Engineers Pension Plan, IBEW Local No. 58 / SMC NECA Funds, and Jacksonville Police & Fire Pension Fund (collectively, "Class Representatives"), on behalf of themselves and all members of the certified Class, and Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady (collectively, "Defendants" or the "Individual Defendants") entered into the Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

B.  In an Order entered November 17, 2015, this Court certified a class consisting of all persons and entities that, during the period from February 25, 2010 through February 27, 2014, inclusive, purchased or otherwise acquired the publicly traded securities of NII Holdings, Inc. and/or NII Capital Corp. and who were damaged thereby. The eligible securities are NII Holdings, Inc. common stock ("NII Stock") (ISIN: US62913F2011), as well as the following debt securities ("NII Bonds"): (i) 7.625% NII Bonds, due April 1, 2021 (ISIN: US67021BAE92); (ii) 8.875% NII Bonds, due December 15, 2019 (ISIN: US67021BAC37); and (iii) 10% NII Bonds, due August 15, 2016 (ISIN: US67021BAD10). Excluded from the Class are: Defendants

Steven P. Dussek, Steven M. Shindler, and Gokul Hemmady; NII Holdings, Inc.; NII Capital Corp.; members of the immediate family of any Defendant who is an individual; any person who was an officer or director of NII and/or NII Capital during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; NII's employee retirement and benefit plan(s); Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party;[1]

    C.    In the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered May 16, 2016 (the "Preliminary Approval Order"), the Court scheduled a hearing for September 16, 2016, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

    D.    The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and

---

[1] The Court hereby adopts the Class exclusions set forth in the Stipulation at ¶ 1(e), which include NII Holdings, Inc. and NII Capital Corp. Also excluded from the Class are those Persons listed on Exhibit A to this Judgment.

Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

E. The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by August 26, 2016;

F. The provisions of the Preliminary Approval Order as to notice were complied with;

G. On August 12, 2016, Class Representatives moved for final approval of the Settlement, as provided in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on September 16, 2016, at which time all interested Persons were afforded the opportunity to be heard; and

H. This Court has duly considered Class Representatives' motion, the affidavits, declarations, memoranda of law submitted in support of the motion, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference: (i) the Stipulation filed with the Court on April 18, 2016; and (ii) the Notice, which was filed with the Court on August 12, 2016. Capitalized terms not defined in this Judgment have the meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, all matters relating to the Settlement and all parties to the Action, including all Class Members.

3. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Class Counsel's request for an award of attorney's fees and payment of expenses incurred in connection with the prosecution of the Action, of Class Members' right to object or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

4. In accordance with Fed. R. Civ. P. 23, excluded from the Class are the Persons listed in Exhibit A to this Judgment, who are excluded from the Class pursuant to request.

5. There have been no objections to the Settlement.

6. In light of the benefits to the Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court fully and finally approves the Settlement provided for in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Class Representatives, all Class Members and the Class. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Class Representatives, the Class, and

Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Second Amended Class Action Complaint for Violations of Federal Securities Laws filed on July 18, 2014 and all claims contained therein are hereby dismissed in their entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. Upon the Effective Date, Class Representatives and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

10. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

11. Upon the Effective Date and in accordance with Section 21D-4(f)(7)(A) of the PSLRA, 15 U.S.C. §78U-4(f)(7)(A), any and all claims for contractual contribution or other contribution or indemnification relating to the Released Claims that have been or may be brought by or on behalf of (a) any person or entity against any or all of the Defendants or (b) any or all of the Defendants against any person or entity, other than a person whose liability has been extinguished pursuant to the Settlement, are, to the fullest extent provided by law, forever released, barred, enjoined, and fully discharged. Pursuant to the PSLRA, 15 U.S.C. §78u-4(f)(7), any final verdict or judgment, if any, obtained by or on behalf of the Class or any Class Member against any person or entity subject to the language in this paragraph 11 shall be reduced as provided in the PSLRA.

12. Notwithstanding paragraphs 9 and 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. Each Class Member, whether or not the Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims provided for in the Stipulation.

14. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce this Judgment and the Stipulation, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Class Representatives, or any other member of the Class, as an admission or concession that the

consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial; and

    (e)  do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

  15.  The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

  16.  If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection with this Judgment shall be null and void to the extent provided by and in accordance with the Stipulation.

  17.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

  18.  The Court directs the Parties to consummate the Stipulation and to perform its terms.

  19.  A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall also be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Those orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any claim to the Settlement Fund on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and the Clerk of the Court is directed to immediately enter it.

Dated: September 16, 2016

/s/
Leonie M. Brinkema
United States District Judge

## EXHIBIT A

1. Gus E. Bellamy
   Euless, Texas

2. Barbara A. Bellamy
   Euless, Texas